UNITED STATES *v.* SCHENLEY IMPORT CORP. (No. 4419)[1]

United States Court of Customs and Patent Appeals, July 6, 1943

*Paul P. Rao*, Assistant Attorney General (*Charles J. Miville*, special attorney, of counsel), for the United States.

*Puckhafer, Rode & Rode (John D. Rode* of counsel) for appellee.

[Oral argument April 21, 1943, by Mr. Miville and Mr. John D. Rode]

---

[1] C. A. D. 251.

Before Garrett, Presiding Judge, and Bland, Hatfield, Lenroot, and Jackson, Associate Judges

Jackson, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, sustaining a protest by appellee against the assessment of an internal revenue tax of $2.25 per proof gallon under section 600 (a) of the Revenue Act of 1918 (40 Stat. 1057) as amended by section 710 of the Revenue Act of 1938 (52 Stat. 447), on rum in bottles each containing 1 gallon or less imported from Cuba into the port of New York and entered for warehouse July 1, 1938.

The rum was assessed with duty at the rate of $2 per proof gallon under the provisions of paragraph 802 of the Tariff Act of 1930 as modified by the Cuban Trade Agreement of August 24, 1934, T. D. 47232, and the Haitian Trade Agreement of March 28, 1935, T. D. 47667.

A number of claims were set forth in the protest but according to the decision of the trial court appellee relied there upon the claim that the amount of tax assessable on the imported merchandise under the Revenue Act of 1938 is $2 rather than $2.25 per proof gallon as assessed by the collector. In this court appellee relies entirely upon that claim.

The issue here is identical with that in the case of *United States* v. *Rathjen Brothers*, 31 C. C. P. A. (Customs) 70, C. A. D. 250, decided concurrently herewith. In that case we reversed the judgment appealed from and held that section 710 of the Revenue Act of 1938 was absolutely irreconcilable with the provisions of article VIII of the Cuban Trade Agreement of August 24, 1934, T. D. 47232. For the reasons therein set out and under the authority thereof the judgment in the instant case must be reversed.

The judgment of the United States Customs Court is *reversed*.